IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EKEMINI ROWE, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:21-cv-27 |
| ) | |
| v. ) | |
| ) | |
| MEDLINE INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | JURY DEMANDED |

## COMPLAINT

**NOW COMES** Plaintiff, EKEMINI ROWE, by and through her attorneys, the Law Offices of GOLDMAN & EHRLICH, CHTD., and as her Complaint against Defendant, MEDLINE INDUSTRIES, INC., states as follows:

## NATURE OF THE ACTION

This is an action for violations of 42 U.S.C. § 1981.

## JURISDICTION, VENUE AND JURY DEMANDS

1. Plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. § 1981 and 28 U.S.C.A. § 1331.

2. Venue is proper in the Northern District of Illinois, Eastern Division as the alleged acts occurred herein.

3. Plaintiff demands a trial by jury.

## THE PARTIES

4. Plaintiff, EKEMINI ROWE, is a resident of Illinois.

5. Defendant, MEDLINE INDUSTRIES, INC. ("Medline"), is a corporation organized under the laws of the state of Illinois.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6317657

1

## **GENERAL ALLEGATIONS**

6. Plaintiff began working for Defendant in or around February, 2015. Most recently, she worked as a "Return Goods Analyst." Plaintiff reported to Keith Daley ("Daley"), Director of Returns Goods and Cash Applications in Medline's Finance Department.

7. Following a holiday party in December, 2016, Daley sexually assaulted Plaintiff by kissing her by force.

8. Throughout the course of 2017, Daley continued to harass Plaintiff. He offered to do favors for her—such as offering to upgrade to her position and co-sign her apartment lease—but she continued to reject his advances. Daley would also contact and harass Plaintiff via social media, and make sexual comments about her to her, with specific references to his assault of her in 2016.

9. In retaliation, Daley made Plaintiff's job more difficult, with the help of Plaintiff's supervisor, Denise Sanchez ("Sanchez"). For example, Sanchez refused to allow Plaintiff access to certain data that Plaintiff used to assess and maximize her productivity.

10. Daley continued to harass Plaintiff through the fall of 2017, such as by going to her cubicle and tampering with, and even breaking her personal possessions. The Plaintiff demanded Daley to pay for the item that was destroyed, a women's purse.

11. On October 3, 2017, a couple of weeks after Daley destroyed Plaintiff's purse, Sanchez stated to Plaintiff via email that Plaintiff was coming into work late, even though Plaintiff was following the same work schedule that she had always followed. On November 2, 2017, Sanchez wrote Plaintiff up for the same alleged tardiness issue even though Plaintiff, like others in her department, received flexibility on her start and finish time on the condition that she worked her requisite work hours (a condition she was satisfying). Other employees were

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6317657

2

allowed to come into work and receive the same flexibility on their start and finish time on a regular basis, with one individual actually joking about her own tardiness.

12. As the harassment by Daley and Sanchez continued, Plaintiff contacted Defendant's Human Resources Department ("HR"), and reported the harassment in detail to the VP of HR, Rebecca ("Becky") Giselle ("Giselle") and HR Manager for Finance, Reed Benedict ("Benedict").

13. The following day, Sanchez walked passed Plaintiff's cubicle (appearing to be coming from HR), called Plaintiff a "whore", and walked by. Plaintiff reported this incident to HR.

14. Benedict continued to ask Plaintiff for details regarding Daley's harassment, and Plaintiff provided them to him.

15. On December 12, 2017, Plaintiff overheard the Senior Vice President of Finance, Daniel O'Keefe ("O'Keefe"), openly discussing Plaintiff's situation with another employee. Upon noticing Plaintiff's presence, O'Keefe called Plaintiff "stupid" and walked away. The following day, O'Keefe walked passed Plaintiff's cubicle, and remarked to another employee, "that's the one we call 'the whore.'"

16. On or about December 18, 2017, Sarah Smigel ("Smigel"), the Director of Payroll and Cash Applications summoned Plaintiff to her office and told her that she needed to "watch [her] back." This Director told Plaintiff that there was a lot of tension in the department, in particular the Cash Applications department, due to the termination of Keith Daley and they did not like Plaintiff.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6317657

17. As Plaintiff's work environment became intolerable, she began to look for a new position. She found a position that offered less compensation than what she was making, but accepted that position and provided Defendant with a five-week resignation notice.

18. Plaintiff's notice notwithstanding, Sanchez continued her harassment. Smigel also contributed in harassing Plaintiff after Plaintiff issued her resignation notice. On January 10, 2018, Smigel walked passed Plaintiff's cubical and said "whore" three consecutive times. During an exit interview, Plaintiff disclosed the harassment she had faced and Smigel and O'Keefe's insults. When Plaintiff offered to show documents to validate her statements, Benedict refused to review them. Benedict also failed to explain why O'Keefe was provided with so many details regarding Plaintiff's complaints.

19. The day after the exit interview, Defendant offered Plaintiff two weeks of paid leave without Plaintiff needing to come in. Plaintiff explained that taking the early paid leave option would force her to forfeit receiving pay for her 2018 vacation time. Plaintiff did not see Defendant's offer as a fair deal and refused it. As the result, Plaintiff was stripped of the opportunity to train her replacement as originally planned, and was subjected to even more harassment. On January 24, 2018, Smigel walked passed Plaintiff in a rage as Plaintiff sat in her cubicle. Then Smigel walked over to nearby Cash Applications representatives seated nearby and bellowed "get her out of here" while pointing to Plaintiff.

20. When white employees of Defendant complained about sexual harassment by a white male and a former director of Receivable Services, they were not harassed or constructively discharged. When Plaintiff, a black female, made complaints about white employees, the accused were not terminated in the same fashion that Daley was without an

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6317657

4

opportunity to improve. And on information and belief, Sanchez and O'Keefe also have not faced any discipline for their role in harassing and terminating Plaintiff.

## COUNT I – DISCRIMINATION UNDER 42 U.S.C. § 1981

21. Throughout her employment, Plaintiff was subjected to different terms and conditions due to her race, including but not limited to harassment and having her employment terminated for complaining about sexual harassment.

22. But for Plaintiff's race, she would not have been subjected to the discriminatory actions described in this complaint.

23. Defendant's actions constitute a violation of 42 U.S.C. § 1981.

24. Defendant's actions have caused Plaintiff lost wages and other employment benefits, and significant emotional distress.

25. At all relevant times, Defendant's actions were willful and wanton, entitling Plaintiff to an award of punitive damages.

## COUNT II – RETALIATION UNDER 42 U.S.C. § 1981

26. Plaintiff realleges and incorporates ¶¶ 1-25 of Count I as ¶ 26 of Count II.

27. Plaintiff complained about discrimination in the work place to Defendant.

28. In retaliation, Defendant constructively discharged her employment.

29. But for Plaintiff's complaints about discrimination, she would not have been terminated.

30. Defendant's actions constitute a violation of 42 U.S.C. § 1981.

31. Defendant's actions have caused Plaintiff lost wages and other employment benefits, and significant emotional distress.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6317657

5

32. At all relevant times, Defendant's actions were willful and wanton, entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant, and that Plaintiff be awarded the following relief:

A. Backpay, prejudgment interest, and remedy for any negative tax consequences from an award of a lump sum payment;

B. Compensatory damages;

C. Punitive Damages;

D. Attorney Fees and Costs; and

E. Such other and further relief as this court deems appropriate.

Dated: January 4, 2021    *Respectfully submitted,*

*/s/ Sam Sedaei*
Sam Sedaei of the Law Offices of Goldman & Ehrlich, Chtd., as attorney for Plaintiff
EKEMINI ROWE

Jonathan C. Goldman
Sam Sedaei
20 South Clark Street, Suite 500
Chicago, IL 60603
(312) 332-6733
Jon@GoldmanEhrlich.com
Sam@GoldmanEhrlich.com

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6317657